**SEABOARD AIR LINE RAILROAD COMPANY, Appellant,**

v.

**SARASOTA–FRUITVILLE DRAINAGE DISTRICT, Appellee.**

No. 16977.

United States Court of Appeals Fifth Circuit.

May 15, 1958.

Wm. C. Steel, R. J. Beckham, Miami, Fla., Scott, McCarthy, Preston, Steel & Gilleland, Miami, Fla., of counsel, for appellant.

Charles E. Early, Sarasota, Fla., T. J. Blackwell, Robert Asti, Miami, Fla., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the district court dismissing a third party claim by appellant against appellee based on the contract of indemnity which is dealt with in the case of the same name just decided by us, 255 F.2d 622.

In this case a railroad employee was injured in the derailment of appellant's train, which appellant alleged was caused by the improper maintenance of the Drainage District of its culverts passing under the railroad's right of way. Appellant brought in the Drainage District by a cross-complaint asserting that under the license agreement by which the District obtained the right to build the culverts it had agreed to indemnify the railroad against any loss or damage arising from the presence of the culverts under the tracks. The trial court dismissed the cross complaint and after judgment was

entered for the plaintiff against appellant, the latter filed this appeal.

There is thus presented for our consideration the correctness of the trial judge's determination that the indemnity agreement was void as being against the public policy of the State of Florida. This is the question presented in the companion case and which on rehearing we have decided in favor of the Drainage District. It follows therefore that the cross claim of the appellant against the Drainage District does not assert facts on which relief could be granted and the trial court did not err in dismissing it.

The judgment is affirmed.

JOHN R. BROWN, Circuit Judge (dissenting).

I am in full agreement with the Court that this presents the same issues as in Seaboard Air Line Railroad Co. v. Sarasota-Fruitville Drainage District, 5 Cir., 251 F.2d 583, reversed on rehearing, **5** Cir., 255 F.2d 622. I agree there is no valid distinction between the cases.

But for the reasons set forth in my dissent on rehearing, I respectfully dissent here as well.